At,ton J. Wightman, J.
This is an appeal from a judgment rendered in Magistrate’s Court of the Town of Corning, New York, by the Honorable Clayton F. Robinson, Justice of the Reaee, convicting the defendant after a trial of violation of *163 paragraph 2 of subdivision (b) of section 1180 of the Vehicle and Traffic Law.
It appears that Trooper C. E. Shaver, a member of the New York State Police, on March 22, 1962, at about 5:00 p.m., while parked in a driveway in the Town of Corning, New York, saw the defendant drive by on State Highway Route 17 in a westerly direction at an estimated speed of 65 miles per hour. The officer then started after the defendant and came up behind him on the highway and says that at one time defendant was traveling at a speed in excess of 65 miles per hour and at another time at a speed in excess of 70 miles per hour. The officer’s observations were made from his speedometer. A speedometer deviation test, so-called, was made of the officer’s car on November 25,1961 and again on April 3, 1962, by members of the State Police other than, and not in the presence of Officer Shaver.
The record of these tests were received in evidence over the objections of defendant’s counsel. The officer did not testify to the speed of defendant’s automobile from his independent observation and estimate except at the time defendant passed him while standing along the highway, and there is no testimony as to what opportunity the officer had to observe defendant’s automobile as it passed. Had the evidence shown what opportunity the officer had to see and observe defendant’s car as it passed, then the weight of his testimony could be considered. "Without such testimony the evidence is of no value and cannot be considered.
There are a number of cases quite recently handed down by the Court of Appeals concerning the quantum of proof required in speeding cases. These cases hold that readings from untested radar or speedometers are admissible, but are not sufficient for a speeding conviction unless there is also additional testimony from qualified observers. (People v. Heyser, 2 N Y 2d 390; People v. Marsellus, 2 N Y 2d 653; People v. Magri, 3 N Y 2d 562; People v. Dusing, 5 N Y 2d 126.)
The People in this case must rely solely on the readings taken by the police officer from this so-called tested speedometer. The record of the tests were received in evidence under section 374-a of the Civil Practice Act, which section concerns the admissibility of records made in the regular course of business. It is the opinion of this court that a proper foundation was not made for the admissibility of these records and there was no showing by any witness that these records were made in the regular course of the business of the Police Department.
The conviction, therefore, is reversed on the facts and the law, and the information is dismissed.